FILED
CLERK, U.S. DISTRICT COURT

MAY 1 5 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN GORDON MOHLER,<br><br>Defendant. | Case No.  CR26-306-FMO<br><br>ORDER OF DETENTION |

**I.**

On May 15, 2026, Defendant Brian Gordon Mohler made his initial appearance on the Indictment filed in this matter. Deputy Federal Public Defender Jacqueline Marrinson was  appointed to represent Defendant.  The government was

represented by Assistant United States Attorney Jordan Patterson.   A detention hearing was held.

☒      On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☐      On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the arguments of counsel, and the report and recommendation prepared by U.S. Probation and Pretrial Services.

\\

\\

\\

IV.

2

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒     partially verified background information.

☐     outstanding warrant issued on April 27, 2026 unexplained and parole violations in 2007, 2010.

☒     unrebutted presumption

As to danger to the community:

☒     criminal history includes (1) felony convictions for drug related offenses, receiving stolen property, and possession/manufacture of dangerous weapons; (2) multiple misdemeanor convictions for burglary, drug related offenses, receiving stolen property, and weapons related offenses; and (3) extensive law enforcement contacts for similar offenses from 1995-2026.

☒     seriousness of allegations in the indictment

X     history of substance abuse Unknown bail resources

☒     unrebutted presumption

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

3

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i)]

Dated: May 15, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
